**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**JOSEPH TAYLOR, MICK CLEARY, AND JENNIFER NELSON,**
Plaintiffs-Appellees,

v.

**GOOGLE LLC,**
Defendant-Appellee.

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 04 2026

FILED ______ ______
DOCKETED ______ ______
DATE INITIAL

**JIMMIE A. McCORVEY,**
Objector-Appellant.

**No. 26-5041**

Appeal from the United States District Court
for the Northern District of California
Case No. 5:20-cv-07956-VKD
Hon. Virginia K. DeMarchi

**OBJECTOR-APPELLANT JIMMIE A. McCORVEY'S OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS FOR WANT OF JURISDICTION**

Objector-Appellant Jimmie A. McCorvey, appearing pro se, respectfully submits this Opposition to Plaintiffs-Appellees' Motion to Dismiss for Want of Jurisdiction.

## I. INTRODUCTION

Plaintiffs-Appellees seek dismissal of this appeal because Objector-Appellant's Notice of Appeal was filed before the district court entered a formal final judgment approving the class action settlement.

Objector-Appellant acknowledges that his August 3, 2026 Notice of Appeal incorrectly characterized June 23, 2026 as the date on which an order granting final approval had been entered. The June 23, 2026 docket reflects that the district court conducted the fairness hearing, heard argument concerning final approval, attorneys' fees, and related matters, and stated that an "Order [was] to issue."

Objector-Appellant filed his Notice of Appeal pro se in an effort to preserve appellate review of the district court's disposition of the proposed settlement and his objections. The Notice was not intended to manufacture appellate jurisdiction where none existed, nor was it intended to interfere with the district court's continuing consideration of the settlement.

Under Federal Rule of Appellate Procedure 4(a)(2), a notice of appeal filed following the announcement of a decision but before entry of the judgment may, in appropriate circumstances, be treated as filed on the date judgment is ultimately entered. The Supreme Court has explained that the Rule was adopted to protect litigants who reasonably but mistakenly believe that a decision constitutes a final judgment. *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269, 276–77 (1991).

Accordingly, Objector-Appellant respectfully requests that the Court deny Plaintiffs-Appellees' request for dismissal to the extent it seeks a disposition that would extinguish or prejudice Objector-Appellant's right to obtain appellate review following entry of final judgment.

Alternatively, if this Court concludes that the present appeal is premature and cannot presently proceed, Objector-Appellant respectfully requests that the Court either hold the appeal in abeyance pending entry of a final appealable judgment or dismiss this appeal expressly **without prejudice** to Objector-Appellant's filing of a timely notice of appeal from the subsequently entered final judgment and without adjudicating the merits of his objections.

## II. RELEVANT PROCEDURAL HISTORY

On June 23, 2026, the district court conducted proceedings addressing the pending Motion for Final Approval of Class Action Settlement, the Motion for Attorney Fees, and related matters.

District Court Docket Entry 340 states:

"Fairness Hearing 270, Motion for Attorney Fees Hearing 281, and Motion for Settlement Hearing 330 held on 6/23/2026.

The Court heard oral arguments. Order to issue."

The district court thereafter entered Docket Entry 342, titled "ORDER Following June 23, 2026 Hearing."

Proceedings concerning final approval and related matters continued thereafter. Among other things, supplemental briefing and additional submissions were filed, and on July 6, 2026, Plaintiffs filed Docket Entry 356, a proposed order concerning the Motion for Final Approval and the Motion for Attorney Fees.

On August 3, 2026, the district court entered Docket Entry 391, an "ORDER re Pending Motions."

Also on August 3, 2026, Objector-Appellant filed his Notice of Appeal, which appears on the district court docket as Docket Entry 394.

The Notice of Appeal identified an "Order Granting Final Approval of Class Action Settlement, entered on June 23, 2026."

Objector-Appellant now recognizes, based upon the docket, that June 23 was the date of the fairness hearing and related proceedings and that the docket did not reflect entry on that date of the formal final approval order described in his Notice.

Objector-Appellant respectfully submits that this error concerning the procedural posture and date of entry should not be construed as an abandonment or waiver of his right to obtain appellate review after the district court actually enters a final appealable judgment.

## III. ARGUMENT

### A. Rule 4(a)(2) Recognizes That Certain Premature Notices of Appeal May Become Effective Upon Entry of Judgment.

Federal Rule of Appellate Procedure 4(a)(2) provides:

"A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

The Supreme Court has explained that Rule 4(a)(2) was intended to protect a litigant who files a notice of appeal from a decision that the litigant reasonably, though mistakenly, believes to constitute a final judgment. *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269, 276 (1991).

The Supreme Court further held that Rule 4(a)(2) may apply when the district court announces a decision that "would be appealable if immediately followed by the entry of judgment." *Id.*

Objector-Appellant recognizes that the district court docket reflects that additional proceedings remained following June 23, 2026. Accordingly, Objector-Appellant does not contend in this Opposition that the June 23 proceeding necessarily constituted an immediately appealable final judgment.

Rather, Objector-Appellant respectfully requests that this Court preserve the question whether Rule 4(a)(2), or any applicable doctrine governing premature notices of appeal, permits his Notice to take effect upon subsequent entry of final judgment.

The Ninth Circuit has recognized circumstances in which subsequent finalization can cure a premature notice of appeal. See, e.g., *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1482–83 (9th Cir. 1996); *Kendall v. Homestead Development Co. (In re Jack Raley Construction, Inc.)*, 17 F.3d 291, 294 (9th Cir. 1994).

Whether the circumstances of this case ultimately satisfy those authorities should not be resolved in a manner that unnecessarily forfeits Objector-Appellant's appellate rights before the district court has entered the judgment from which appellate review ultimately will be sought.

**B. Objector-Appellant's Pro Se Notice Was Filed to Preserve Review, Not to Create Jurisdiction Prematurely.**

Objector-Appellant is proceeding without counsel.

He participated in the settlement proceedings as an objector and filed the August 3 Notice for the purpose of preserving appellate review of the disposition of the settlement and his objections.

The reference in the Notice to a June 23, 2026 final approval order resulted from Objector-Appellant's understanding of the June 23 fairness proceedings and subsequent district court activity.

The docket now makes clear that the district court stated on June 23 that an order was "to issue" and continued to receive and address submissions thereafter.

Objector-Appellant therefore does not ask this Court to disregard the actual procedural posture of the district court case.

He asks only that his premature filing not be transformed into a forfeiture of the right to seek review once a final appealable judgment actually exists.

**C. If Jurisdiction Has Not Yet Attached, Dismissal Should Be Without Prejudice to a Timely Appeal From the Final Judgment.**

Plaintiffs-Appellees argue that there is presently no final judgment under 28 U.S.C. § 1291.

If this Court agrees, the appropriate disposition should make clear that dismissal of Appeal No. 26-5041 is based solely upon prematurity and does not adjudicate the merits of Objector-Appellant's objections or prevent him from filing a new and timely notice of appeal following entry of a final appealable judgment.

Objector-Appellant has not requested appellate consideration of the merits before jurisdiction exists.

Nor should the jurisdictional timing issue presented by the present Notice operate as a determination that Objector-Appellant waived or abandoned his objections or his right to appeal an eventual final judgment.

Accordingly, if the Court determines that Rule 4(a)(2) does not presently preserve the Notice, Objector-Appellant respectfully requests dismissal **without prejudice**, expressly leaving Objector-Appellant free to file a new notice of appeal after entry of the district court's final judgment within the time permitted by Federal Rule of Appellate Procedure 4(a).

### D. Alternatively, the Court May Hold the Appeal in Abeyance Pending Final Disposition in the District Court.

Because proceedings regarding final approval remain pending in the district court, the jurisdictional issue may be resolved by subsequent entry of a final judgment.

Holding this appeal in abeyance would avoid unnecessary duplication and would permit the Court to assess appellate jurisdiction after the district court completes the proceedings.

Objector-Appellant therefore respectfully requests, in the alternative, that the Court hold Appeal No. 26-5041 in abeyance until the district court enters its final disposition of the settlement proceedings.

## IV. OBJECTOR-APPELLANT DOES NOT CONCEDE THE MERITS OF HIS OBJECTIONS

Nothing in this Opposition should be interpreted as withdrawal, abandonment, or waiver of any objection Objector-Appellant presented to the proposed class action settlement.

Plaintiffs-Appellees' motion concerns appellate jurisdiction and the timing of the Notice of Appeal.

It does not resolve the merits of Objector-Appellant's underlying objections.

Objector-Appellant expressly preserves all arguments properly available for appellate review following entry of a final appealable judgment.

## V. CONCLUSION

For the foregoing reasons, Objector-Appellant Jimmie A. McCorvey respectfully requests that the Court:

1. **DENY** Plaintiffs-Appellees' Motion to Dismiss to the extent the motion seeks dismissal in a manner that would prejudice Objector-Appellant's ability to obtain appellate review following entry of final judgment;

2. Alternatively, **HOLD THIS APPEAL IN ABEYANCE** pending entry of a final appealable judgment by the district court;

3. Alternatively, if the Court determines that Appeal No. 26-5041 must presently be dismissed for lack of appellate jurisdiction, **DISMISS THE APPEAL WITHOUT PREJUDICE**, expressly preserving Objector-Appellant's ability to file a timely notice of appeal following entry of the district court's final judgment; and

4. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**Jimmie A. McCorvey**
Objector-Appellant, Pro Se

Date: August 17, 2026

# CERTIFICATE OF SERVICE

I, Jimmie A. McCorvey, certify that on August 17, 2026, I served a true and correct copy of the foregoing **Objector-Appellant Jimmie A. McCorvey's Opposition to Plaintiffs-Appellees' Motion to Dismiss for Want of Jurisdiction** upon counsel of record by the method permitted by the Federal Rules of Appellate Procedure and the rules of the United States Court of Appeals for the Ninth Circuit.

Counsel identified in Plaintiffs-Appellees' Motion to Dismiss include:

**Glen E. Summers**
**Karma M. Giulianelli**
**J. Jacob Marsh**
Bartlit Beck LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

**Marc A. Wallenstein**
**George A. Zelcs**
Korein Tillery LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
mwallenstein@koreintillery.com
gzelcs@koreintillery.com

I declare that the foregoing is true and correct.

Dated: August 17, 2026

**Jimmie A. McCorvey**
Objector-Appellant, Pro Se